IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                Criminal No. 1:21-00210

RAY RAMIREZ-BUENO

## MEMORANDUM OPINION AND ORDER

On January 10, 2022, the court held a hearing on defendant's motion to determine his competency. (ECF No. 17.) Defendant appeared in person and by counsel, Michael R. Whitt. Timothy D. Boggess appeared for the United States.

In his written motion, counsel for defendant proffered an account of defendant's recent behavior indicating that he may be suffering from a mental disease or defect. At his arraignment hearing, despite having the assistance of a translator, defendant denied understanding the indictment, the court proceedings, and his counsel. Defendant also displayed other unusual behavior at the hearing.[1]

At the hearing, counsel for defendant explained that the situation remained the same and that his concerns about his client persisted. The government took the position that granting the motion would be the best course of action here.

---

[1] Magistrate Judge Aboulhosn recounted the events of the December 6, 2021 hearing in an Order docketed as ECF No. 14.

Title 18 United States Code Section 4241(a) provides as follows:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.  The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

"Section 4241 sets a low threshold."  United States v. Vandyke, 64 F. App'x 877, 878 (4th Cir. 2003).

Because of the court's longstanding familiarity with counsel in this matter, the court put great weight on the representations of counsel.  The court found that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  The court therefore **GRANTED** the motion for a hearing to determine defendant's mental competency.

Under 18 U.S.C. § 4241(b), "[p]rior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a

psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." Pursuant to this provision, the court **ORDERS** that a psychiatric or psychological examination of defendant Ramirez-Bueno be conducted, and that a report of that examination be filed with the court in accordance with 18 U.S.C. § 4247(b) and (c).

To that end, the court **ORDERS** that defendant be committed to the custody of the Attorney General for placement in a suitable facility for purposes of the examination. The period of commitment shall not exceed thirty days unless the director of the facility applies for an extension and shows good cause that additional time is necessary, in which case defendant shall be committed for no more than an additional fifteen days. See 18 U.S.C. § 4247(b). Upon receipt of the report of examination, the court will schedule a hearing on defendant's competency.

The court **ORDERS** that the trial date and all associated deadlines are continued until further order of the court, pending the outcome of the hearing on defendant's competency. The period of delay resulting from this continuance, beginning with the filing of defendant's motion, is excludable for purposes of the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States

3

Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

**IT IS SO ORDERED** this 14th day of January, 2022.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge