IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    Criminal No. 1:21-00210

RAY RAMIREZ-BUENO

### MEMORANDUM OPINION AND ORDER

On July 21, 2022, the court held a hearing to determine defendant's competency to stand trial. Defendant appeared in person and by counsel, Michael R. Whitt. Timothy D. Boggess appeared for the United States. For the reasons that follow, the court found the defendant competent to stand trial.

### I. Procedural History

On January 6, 2022, defendant's counsel filed a motion for an evaluation to determine defendant's competency, following defendant's unusual behavior at his arraignment hearing. At his arraignment hearing, despite having the assistance of a translator, defendant denied understanding the indictment, the court proceedings, and his counsel. Defendant also refused to identify himself.[1]

On January 10, 2022, the court held a hearing on the motion. Counsel for defendant explained that his concerns about defendant's competency persisted. The government took the

---

[1] Magistrate Judge Aboulhosn recounted the events of the December 6, 2021 hearing in an Order docketed as ECF No. 14.

position that granting the motion would be the best course of action.  The court granted the motion.

In a written order of January 14, 2022, the court ordered that a psychiatric or psychological examination of defendant be conducted, and that a report of that examination be filed with the court in accordance with 18 U.S.C. § 4247(b) and (c).  The court further ordered that defendant be committed to the custody of the Attorney General for placement in a suitable facility for purposes of the examination.

On June 14, 2022, the court received a forensic report prepared by Forensic Psychologist Ernie Gonzalez, Jr., Ph.D.  On June 15, 2022, the court ordered that the report, together with the cover letter from the warden at MDC Los Angeles, be filed under seal, and a copy forwarded to counsel.  The court also set a hearing to determine defendant's competency, which the court held on July 21, 2022.

## II. Legal Standard

Title 18 United States Code section 4241 provides that a competency hearing "shall be conducted pursuant to the provisions of section 4247(d)" and further provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly

>    in his defense, the court shall commit the defendant to the custody of the Attorney General.

In turn, § 4247(d) provides:

>    At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A.  The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

The questions at a competency hearing are (1) whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding;" and (2) whether the defendant "has a rational as well as factual understanding of the proceedings against him."  United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005).  Defendant has the burden of showing, by a preponderance of the evidence, that the answer to at least one of these questions is no.  See id.

## III. Analysis

The sealed report of Dr. Gonzalez's forensic examination of defendant explains in detail its conclusion that no evidence is available to suggest that defendant is suffering from a mental disease or defect which would render him mentally incompetent to understand the charges or assist his attorney in his defense.  At the competency hearing, the parties had no further evidence to present beyond the report, which is therefore unrebutted.

The report is persuasive evidence that defendant is competent to stand trial.  Specifically, it shows that defendant has the <u>ability</u> to consult with his lawyer with a reasonable degree of rational understanding as well as a rational and factual understanding of the charges against him.  Regardless of defendant's willingness to confer with his counsel, he has the ability to do so.  It is also readily apparent from Dr. Gonzalez's report that defendant understands the charges against him and has contemplated how to defend against such charges.

For the foregoing reasons, the court found defendant competent to stand trial.[2]

**IV.   <u>Trial Schedule</u>**

The court previously ordered the continuance of trial and all associated deadlines pending the outcome of the hearing on defendant's competency and found that the period of delay resulting from such continuance, beginning with the filing of defendant's motion, is excludable for purposes of the Speedy Trial Act.  <u>See</u> 18 U.S.C. § 3161(h)(1)(A).  Defendant's competence having now been determined, the court orders as follows:

   1.   The deadline for the filing of pretrial motions is

---

[2] At the hearing, defendant also purported to "fire" his counsel. Insofar as this is construed as a motion for appointment of new counsel, the motion is **DENIED** for the reasons explained on the record and because defendant offered no basis for the motion.

   **July 29, 2022;**

2. The Pretrial Motions Hearing is to be held on **August 2, 2022, at 2:30 p.m.** in Bluefield;

3. Jury Instructions and Proposed Voir Dire are due by **August 16, 2022;**

4. Trial of this action shall be held on **August 24, 2022, at 9:30 a.m.** in Bluefield.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

   **IT IS SO ORDERED** this 25th day of July, 2022.

                                ENTER:

                                _David A. Faber_____
                                David A. Faber
                                Senior United States District Judge

5